**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8                        IN THE UNITED STATES DISTRICT COURT
9                     FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
11   JACQUELINE WILLIAMS,                        No. C 10-04657 CRB
12            Plaintiff,                          **ORDER OF REMAND**
13      v.
14   AURORA LOAN SERVICES, et al.,
15            Defendants.
                                          /
16
17          Pro se Plaintiff Jacqueline Williams brought suit against Aurora Loan Services in the

18   Superior Court of California, County of Alameda, in August 2010, alleging: breach of the

19   warranty of habitability, contract; breach of the warranty of habitability, tort; negligence;

20   breach of the covenant of quiet enjoyment; breach of the covenant of goof fainted [sic] fair

21   dealing; nuisance; violation of Civil Code § 1941.1 and 942.3; "untenantable dwelling";

22   retaliation under Civil Code § 1942.5; two counts of wrongful eviction- common law;

23   intentional infliction of emotional distress; negligent infliction of emotional distress; breach

24   of contract; and a cause of action entitled "civil rights violation," under 42 U.S.C. § 1983.

25   See generally Not. of Removal Ex. 1.  Defendants removed the case in October 2010, based

26   on federal question jurisdiction, "in particular the Civil Rights Act, 42 U.S.C. § 1983."

27   See Not. of Removal (dckt. no. 1) at 2.  Defendants subsequently filed a Motion to Dismiss

28   (dckt. no. 6) and a Motion to Strike (dckt. no. 8) in this Court, both calendared for January 7,

1  2011.

2       Plaintiff has now filed a Motion to Remand (dckt. no. 15) in which she asserts that she

3  is "dropping the Civil Rights Violation (42 USC @ [sic] 1983) and asking Judge Charles R.

4  Breyer to send plaintiff case back to Superior Court of California."  The Court construes

5  Plaintiff's Motion as a Voluntary Dismissal with prejudice of Plaintiff's sole federal claim,

6  under Federal Rule of Civil Procedure 41(a).  In light of this Voluntary Dismissal, the Court

7  declines to exercise supplemental jurisdiction over the remaining state court claims.  See

8  Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (quoting Carnegie-Mellon

9  Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988)) ("[I]n the usual case in which all federal-law

10  claims are eliminated before trial, the balance of factors . . . will point toward declining to

11  exercise jurisdiction over the remaining state law claims.").  Accordingly, the Court

12  REMANDS the case to state court; the motion hearings on January 7, 2011 are hereby

13  VACATED.

14       **IT IS SO ORDERED.**

15

16

17  Dated: December 17, 2010                    _____

18                                              CHARLES  R. BREYER
                                                UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California